1

2

3

4

5           IN THE UNITED STATES DISTRICT COURT

6         FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8 FEDERAL DEPOSIT INSURANCE        No. C 11-3305 SI
  CORPORATION, as Receiver for INDYMAC

9 BANK, F.S.B.,                   **ORDER GRANTING DEFENDANT'S**
                                 **MOTION TO TRANSFER AND**

10         Plaintiff,                **TRANSFERRING THIS CASE TO THE**
                                 **EASTERN DISTRICT OF CALIFORNIA**

11    v.

12 RICHARD K. VARRASSO; PREMIER
  VALLEY, INC.; and KAREN BHATTI,

13

14         Defendants.
  _____/

15

16       The motions by defendant Premier Valley Inc.("Premier Valley") to transfer venue, to dismiss,

17 and to strike are scheduled for a hearing on October 7, 2011.  Pursuant to Civil Local Rule 7-1(b), the

18 Court determines that the matters are appropriate for resolution without oral argument, and VACATES

19 the hearing.  For the reasons set forth below, the Court GRANTS defendant's motion to transfer this

20 action to the United States District Court for the Eastern District of California.  All other pending

21 motions are denied without prejudice to renewal in the transferee district.

22

23                      **BACKGROUND**

24

25       On July 6, 2011, plaintiff Federal Deposit Insurance Corporation ("FDIC") filed this action as

26 the receiver for FDIC-insured IndyMac Bank, F.S.B ("IndyMac") against defendants Richard K.

27 Varrasso ("Varrasso"), Premier Valley, and Karen Bhatti ("Bhatti").  Plaintiff alleges claims for

28 negligent misrepresentation, breach of contract, and negligence arising out of two real estate transactions
involving defendants.  The complaint alleges that defendant Varrasso appraised two properties located

**United States District Court**
For the Northern District of California

in Modesto and Sacramento, California, and that both of these appraisals intentionally misrepresented the value of the properties. Compl. ¶¶ 18-19, 46-47. The complaint alleges that defendant Premier Valley acted as the real estate broker for the sale of the Modesto property in October 2006, and that defendant Bhatti acted as the mortgage broker for that transaction. *Id*. ¶¶ 9-14. The complaint alleges that the Sacramento property was refinanced in January 2008. *Id*. ¶ 15. Plaintiff alleges, *inter alia*, that IndyMac suffered damages from the inflated appraisals when it funded the mortgage loan for the Modesto property, and the refinancing loan for the Sacramento property.

Defendant Premier Valley has moved to transfer this action to the Eastern District of California. Defendant Bhassi has appeared in this case, and the parties filed a stipulation stating that the Court's ruling on the motion to transfer will apply to defendant Bhassi. The docket reflects that defendant Varasso was served and that his answer was due on August 23, 2011. Docket No. 9. Defendant Varasso has not filed an answer or otherwise appeared in this case.

## LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). A motion for transfer lies within the broad discretion of the district court, and must be determined on an individualized basis. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). To support a motion for transfer, the moving party must establish: (1) that venue is proper in the transferor district; (2) that the transferee district is one where the action might have been brought; and (3) that the transfer will serve the convenience of the parties and witnesses, and will promote the interests of justice. *See Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.*, 820 F. Supp. 503, 506 (C.D. Cal. 1992). "The general rule is that a plaintiff's choice of forum is afforded substantial weight." *Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001). Where a plaintiff does not reside in the forum, however, courts afford the plaintiff's choice considerably less weight. *See* Schwarzer et al., Federal Civil Procedure Before Trial § 4:761 (2011) (citing *In re Apple, Inc.*, 602 F.3d 909, 913 (8th Cir. 2010)).

**DISCUSSION**

The parties dispute whether transfer will serve the convenience of the parties and witnesses. Defendant Premier Valley contends that transfer to the Eastern District of California is warranted because the two real estate properties at issue are located in the Eastern District and the majority of witnesses and defendants reside in the Eastern District. Plaintiff argues that transfer is not warranted because defendant Varrasso and his files relating to the Modesto and Sacramento appraisals are located in the Northern District of California. Plaintiff also asserts that its choice of forum should be given substantial weight.

The Court agrees with defendant Premier Valley that transfer to the Eastern District of California is appropriate. As an initial matter, the Court finds that venue is proper in either venue. Venue is proper in this district because defendant Varrasso is located in the Northern District. 28 U.S.C. § 1391(a)(1). Venue is proper in the Eastern District because the two properties that are the subject of the complaint are located in the Eastern District, and thus a "substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated" in the Eastern District. 28 U.S.C. § 1391(a)(2).

The remaining factors weigh strongly in favor of transfer. Courts use the following factors to evaluate whether a transfer of venue would be more convenient to the parties and the witnesses and would promote the interests of justice: "(1) plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation of other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum." *Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001). Plaintiff does not allege that it is a resident of the Northern District, and thus its choice of forum is not entitled to substantial weight. In contrast, two of the three defendants (Premier Valley and Bhatti) reside in the Eastern District. Chartrand Decl. ¶¶ 4-5. While Varrasso is located within the Northern District, Varrasso did not answer the complaint and has not made an appearance in this case, and thus it is possible that Varrasso will default. Defendant has also identified several witnesses who are expected to testify, including Premier Valley's president, and

United States District Court
For the Northern District of California

the seller and buyer of the Modesto property, all of whom reside in the Eastern District. *Id.* ¶ 6(a)-(c).[1]

Accordingly, because the properties at issue are in the Eastern District, and the majority of defendants and witnesses reside in the Eastern District, the Court finds that the interests of convenience and justice weigh in favor of transfer.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS defendant's motion to transfer. The Clerk shall transfer this action to the Eastern District of California. Docket No. 10. All other pending motions are denied without prejudice to refiling in the transferee district.

**IT IS SO ORDERED.**

Dated: October 4, 2011

_____
SUSAN ILLSTON
United States District Judge

---

[1] The parties' papers do not address the other factors, such as relative court congestion, familiarity of each forum with the law, ease of access to evidence, and any local interest in the controversy. Some of these factors, such as familiarity of each forum with the law, are neutral, while others, such as local interest in the controversy, favor the Eastern District.

United States District Court
For the Northern District of California